In re A.H. ROBINS COMPANY, INC.,
Debtor, Employer Tax Identification
No. 54–0486348.

Cruzita R. OCASIO, Movant,

v.

DALKON SHIELD CLAIMANTS
TRUST, Respondent.

No. 84–01307–R.

United States District Court,
E.D. Virginia,
Richmond Division.

June 10, 1994.

Gary S. Tucker, Chicago, Illinois, for Cruzita R. Ocasio.

Orran Lee Brown, Richmond, Virginia, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on motion by Dalkon Shield Late Claimant Cruzita R. Ocasio, LADS–51544, seeking an interpretation of the A.H. Robins bankruptcy reorganization plan [1] ("Plan"). Ocasio asks the Court to declare that her pending state court suit is an Unreleased Claim under the Plan, and therefore not subject to this Court's injunction against Dalkon Shield suits. For reasons which follow, the Court cannot declare her claim to be either released or unreleased. Therefore, the Court will order that her state suit be stayed pending resolution of her late claim against the Dalkon Shield Claimants Trust ("Trust").

In January, 1992, Ocasio filed suit in the Circuit Court of Cook County, Illinois, styled *Ocasio v. Correa, et al.,* Case No. 92–L–01267. The essence of that suit, which is still pending, is a medical malpractice claim against several doctors. Ocasio alleges that

---

1. Debtor's Sixth Amended and Restated Plan of Reorganization (*Plan*) § 8.05 (March 28, 1988) (in *In re A.H. Robins Co., Inc.,* No. 85–01307–R (E.D.Va.))

in 1975 a doctor inserted a second Dalkon Shield while the first remained inside her. Two years later, she wanted to become pregnant and asked to have the IUD removed. The doctor removed one. The other remained inside her until 1991 when it was discovered during an ultrasound examination. In the intervening fourteen years, Ocasio claims to have suffered pain, infections, bleeding, and the inability to become pregnant. Her suit claims that the doctors were negligent in inserting the second IUD and in failing to discover and remove it.

In September, 1991, Ocasio filed a Late Claim against the Dalkon Shield Claimants Trust. Ocasio attempted to have her claim reclassified as timely. Because none of the medical records she submitted showed that her IUDs were Dalkon Shields, the Trust concluded that it could not confirm Dalkon Shield use and refused to reclassify her claim as timely. Ocasio did not pursue an appeal.

The Trust learned of Ocasio's state suit through an attorney for one of the defendant doctors. By letter of February 2, 1994, counsel for the Trust informed that attorney and Ocasio that it did not believe the state suit to be an Unreleased Claim. (Letter form O. Brown to T. Harris, of 2/2/94, at Response, Exh. G.) The Trust counsel states in the letter that he assumed as true for purposes of the Unreleased Claim analysis the assertion in Ocasio's complaint that the IUDs were Dalkon Shields. He notes that if neither IUD was a Dalkon Shield, Ocasio's suit would not be affected by the injunction. Trust counsel further explained the process for seeking a determination by this Court as to whether a claim was an Unreleased Claim. This motion followed.

This Court retains exclusive jurisdiction to resolve disputes and controversies regarding the interpretation and implementation of the Plan and related instruments, and this Court retains exclusive jurisdiction to enter orders in aid of the Plan. Debtor's Sixth Amended and restated Plan of Reorganization (*Plan*) § 8.05 (March 28, 1988) (in *In re A.H. Robins Co., Inc.*, No. 85–01307–R (E.D.Va.)); Or-

der Confirming *Plan* (*Confirmation Order*) ¶ 45 (July 26, 1988) (in *In re A.H. Robins Co., Inc.*, No. 85–01307–R (E.D.Va.)) (accompanying Memorandum at 88 B.R. 742 (E.D.Va.1988)); Amended Administrative Order Number 1 Governing Dalkon Shield Arbitration and Litigation ¶ 3 (July 1, 1991) (in *In re A.H. Robins Co., Inc.*, No. 85–01307–R (E.D.Va.)); *see also In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Reiser*), 972 F.2d 77, 79 n. 1 (4th Cir.1992).

Section 8.04 of the Plan and ¶ 34 of the Confirmation Order permanently enjoin all Dalkon Shield-related suits against A.H. Robins and any other person, except in accordance with the Plan. The only exception to the injunction is for "Unreleased Claims," which may proceed unaffected by the injunction, the Plan, or any of the Plan's instruments.

Section 1.85 of the Plan defines Unreleased Claims. The Fourth Circuit Court of Appeals construed the meaning of § 1.85 in an earlier dispute over whether certain claims were Unreleased Claims. In *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Reiser)*, 972 F.2d 77, 81 (4th Cir.1992),[2] the Fourth Circuit reasoned that too narrow an interpretation of "Unreleased Claims" might exclude claims not covered by the Trust, and therefore leave injured persons without a remedy. The court stated that in determining the meaning of "Unreleased Claims,"

> we look to the plain language of section 1.85 of the Plan.... Section 1.85 defines an Unreleased Claim as one based "exclusively on medical malpractice," which "cannot be asserted or brought over, either in whole or in part, against one or both of the Trusts." Thus, a claim based exclusively on medical malpractice, where the Dalkon Shield played a significant role in the resulting injury but in no way *caused* the injury, would be preserved as an Unreleased Claim. In contrast, where evidence exists that the injury may have been partially or wholly caused by a design or manufacturing defect in the Shield, and thus subject to compensation by one of the

---

2. The Fourth Circuit Court of Appeals has not issued a mandate in *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Reiser)*, 972 F.2d 77 (4th Cir.1992) because a petition for rehearing is pending.

Trusts, the claim would not qualify as Unreleased.

*Id.* The court concluded in that case that the status of the claim as released or unreleased was a close question which was best resolved by the Trust in its claims resolution process. *Id.* It directed that the claimants' state suits be stayed until a final decision had been made on their claims before the Trust. *Id.* at 81–82. If the Trust ultimately determined that the claims were not compensable, then the stay could be lifted; if the Trust ultimately determined the claims to be compensable, then the suits would have to be dismissed to prevent duplicate recoveries. *Id.*

 In the instant matter, the Court is satisfied that if Ocasio's IUDs were Dalkon Shields, her claim is not an Unreleased Claim. She attributes her injuries—pain, infections, bleeding, and inability to get pregnant—to the presence of an IUD inside her body. If the IUD was a Dalkon Shield, her claim *can* be asserted against the Trust, and therefore is not an Unreleased Claim.

However, the Court is not satisfied that either of Ocasio's IUDs were Dalkon Shields. The Trust refused to reclassify Ocasio's claim from late to timely status on the basis that her medical records did not show that her IUDs were Dalkon Shields. If they were not, Ocasio's suit is an Unreleased Claim and is outside the reach of this Court's injunction.

Following *Reiser,* the Trust must make the initial determination in the course of its claims review process as to whether Ocasio's claim is released or unreleased. Therefore, this Court will order that Ocasio seek a stay of her state suit pending resolution of her Late Claim against the Dalkon Shield Claimants Trust. If the Trust determines her claim to be compensable, then she must dismiss the state suit.

An appropriate Order follows.

### ORDER

The Court is in receipt of the motion by Late Claimant Cruzita F. Ocasio, LADS–51544, to interpret the A.H. Robins reorganization plan. Ocasio asks the Court to determine that her medical malpractice suit pending in the Circuit Court of Cook County, Illinois, styled *Ocasio v. Correa, et al.,* Case No. 92–L–01267, is an Unreleased Claim.

Upon due consideration, for the reasons stated in the accompanying Memorandum this date filed, the Court does *not* determine that Ocasio's state suit is an Unreleased Claim. Therefore, deeming it just and proper so to do, it is hereby ADJUDGED and ORDERED that Ocasio will seek an immediate STAY of her state suit, pending resolution of her claim against the Dalkon Shield Claimants Trust. If the Trust determines her claim to be compensable, it is further ADJUDGED and ORDERED that Ocasio will dismiss her state suit.